UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
UNITED STATES OF AMERICA            :
                                    :    Crim. No. 10-051-1 (NLH)
    v.                              :
                                    :
ANTHONY BERRY                       :    **OPINION**
            Defendant               :
_____:

**APPEARANCES:**

ANTHONY BERRY
FCI-SCHUYLKILL
P.O. Box 759
Minersville, Pennsylvania 179654

   *Defendant appearing pro se*

OFFICE OF THE UNITED STATES ATTORNEY
Sara A. Aliabadi, Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, New Jersey 08101

   *On behalf of the United States of America*

**HILLMAN, United States District Judge**

   This matter comes before the Court upon Defendant Anthony Berry's renewed Motion for Reduction of Sentence, filed *pro se* on March 25, 2021.  [Dkt. No. 37].  Previously, this Court denied Defendant's first Motion for Reduction of Sentence [Dkt. No. 28], filed in May 2020.  Defendant remains an inmate at Federal Correctional Institution ("FCI") Schuylkill, serving concurrent sentences from the District of New Jersey and the Eastern District of Pennsylvania.

In the current motion, Defendant again seeks compassionate release on the basis of his medical conditions, namely Type 2 diabetes and only having one kidney, a recent COVID-19 outbreak at FCI Schuylkill, and his positive yet asymptomatic COVID-19 infection. [Dkt. No. 37]. He contends that his medical conditions and the current BOP procedures make him uniquely susceptible to the virus. *Id.* The Government opposes Defendant's motion, arguing that little has changed since this Court denied Defendant's previous motion. [Dkt. No. 38]. The Government goes on to note that Defendant provides zero medical records, analysis, or other information concerning his medical conditions, and argues that he has failed to demonstrate extraordinary circumstances warranting his release and failed to show that he merits release under the factors set forth in 18 U.S.C. § 3553(a).

For the reasons stated below, Defendant's motion will be denied.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

As previously noted in this Court's Opinion filed on June 17, 2020 [Dkt. No. 34], Defendant pled guilty to a two count Information on January 28, 2010, on charges of conspiracy to commit robbery, and use of a firearm during and in relation to a crime of violence stemming from his role in the April 2008 armed

2

robbery of a Sports Authority distribution facility in Burlington Township, New Jersey.

Defendant was then sentenced by the late Honorable Judge Joseph E. Irenas on October 5, 2010, to 225 months' total imprisonment, 50 months of which were to be served concurrently with a 135-month sentence previously imposed in the Eastern District of Pennsylvania for other crimes, including a March 2009 armed robbery of a business during which a victim was shot.

Defendant first submitted a request for compassionate release to Warden Scott Finley of FCI Schuylkill on April 20, 2020. Warden Finley issued a denial of that request on May 8, 2020. On May 29, 2020, Defendant filed a *pro se* motion, and on June 23, 2020, filed a supplemental motion through counsel, seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). This Court denied Defendant's motion for compassionate release on July 17, 2020 [Dkt. Nos. 34, 35], and Defendant filed the instant renewed motion on March 25, 2021. [Dkt. No. 37]. That same day, the Government responded in opposition. [Dkt. No. 38].

II. **LEGAL STANDARD**

"The recently enacted First Step Act allows a defendant to be afforded compassionate release for 'extraordinary and compelling reasons.'" United States v. Sellers, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. April 24, 2020) (quoting 18

3

U.S.C. § 3582(c)(1)(A)(i)). Before bringing a motion for reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons ('BOP') to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. April 2, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." Sellers, 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(c)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." United States v. Pabon, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

### III. DISCUSSION

As previously stated, the Court considers Defendant's Motion and its underlying concerns with seriousness. However,

4

as the United States Court of Appeals for the Third Circuit has articulated, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

1. **Defendant has satisfied the exhaustion requirements**

   Neither Defendant nor the Government suggest that Defendant has failed to satisfy the exhaustion requirements of the statute. While Defendant does not indicate he requested compassionate release from the warden of FCI Schuylkill prior to filing the instant motion, he previously requested and was denied compassionate release from Warden Finley in May 2020. Furthermore, as provided under the statue, 30 days have since passed from the filing of Defendant's instant motion.

2. **Defendant fails to establish "extraordinary and compelling" reasons for his release**

   The Court now focuses on whether extraordinary and compelling reasons exist to justify compassionate release. As with Defendant's previous motion [Dkt. No. 30], the Court again finds that extraordinary and compelling reasons do not exist to warrant Defendant's release. The Court will deny the instant motion.

5

Defendant contends that "extraordinary and compelling reasons" exist to justify compassionate release based on Defendant's medical conditions, and self-describes himself as a "high-risk inmate." [Dkt. No. 37 at 5]. Although Defendant fails to provide any medical documentation, he asserts that he contracted COVID-19 on February 11, 2021 and tested positive for the virus on February 16, 2021. *Id.* at 2. Defendant alleges that "[a]lthough, Berry was asymptomatic the many different parts of the body that ached was/is something Berry don't wish that upon his worst enemy." *Id*. Outside of Defendant's asymptomatic COVID-19 infection, which he apparently recovered from, Defendant provides no evidence of changed personal medical circumstances.

The remaining arguments relied upon by Defendant in his renewed motion are his fear of different, more virulent strains of the virus and a recent COVID-19 outbreak at FCI Schuylkill. *Id.* at 2. Although the Court is sympathetic to the challenges presented by COVID-19 within a contained setting, these arguments are not persuasive and do not change the Court's previous decision to deny Defendant's request for compassionate release.

The Government argues that Defendant's claims of the "full-blown outbreak" appear to be exaggerated, and that FCI Schuylkill only had 6 inmates test positive for COVID-19 at the

6

time of Defendant's motion.  [Dkt. No. 38 at 2].  Currently, FCI Schuylkill has completed 169 full staff inoculations and 867 inmate inoculations from COVID-19.[1]  1091 inmates have completed COVID-19 tests, and 466 inmates have tested positive for the virus throughout the pandemic.[2]

While the Court is sympathetic to Defendant's concerns for his health while in custody and the conditions of FCI Schuylkill, the Court again finds that Defendant has failed to demonstrate that such concerns provide "extraordinary and compelling" reasons to justify compassionate release.

### 3. 3553(a) Factors weigh against Defendant

Even if the Court were to determine that Defendant had demonstrated "extraordinary and compelling" reasons for release, it would also have to weigh the sentencing factors set forth in 18 U.S.C. § 3553(a), such as the nature and circumstances of the crime, Defendant's background and characteristics, and the need for specific and general deterrence.  See Pabon, 2020 WL 2112265, at *2.

In this case, as with Defendant's previous motion, the factors continue to weigh heavily against release.  Defendant was convicted of an armed robbery, a serious offense.  He has

---

[1] See https://www.bop.gov/coronavirus/ (last visited November 16, 2021).

[2] *Id.*

committed numerous armed robberies in his lifetime, including one in which a victim was shot during the commission of the crime.  Crimes of this serious nature give this Court extreme pause when considering compassionate release in light of Defendant's history of violent crime.

Lastly, Defendant has yet to begin serving the portion of his sentence separate from that for his crimes committed in the Eastern District of Pennsylvania.  An early release would mean that Defendant effectively served no prison time for the crime he committed in the District of New Jersey.  Such a circumstance is inconsistent with notions of both specific and general deterrence, 18 U.S.C. § 3553(a)(2)(B), and as Defendant had co-conspirators sentenced to prison for the same crime, the need to avoid unwarranted sentencing disparity among defendants committed of similar crimes. 18 U.S.C. § 3553(a)(6). Accordingly, the Court finds that the sentencing factors in 18 U.S.C. § 3553(a) weigh against Defendant's release.

**IV. CONCLUSION**

For the above mentioned reasons, Defendant's renewed Motion for Reduction of Sentence [Dkt. No. 37] will be denied.

An Order consistent with this Opinion shall issue on this date.

Dated: __12/1/2021_____        __/s/ Noel L. Hillman_____
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

8