NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANTHONY BERRY | Case No. 1:10-cr-51-KMW-1<br><br>**OPINION** |

WILLIAMS, District Judge.

## I.   INTRODUCTION

Presently before the Court is *pro se* Defendant Anthony Berry's ("Defendant") Motion/Petition to Terminate Restitution. (Dkt. No. 75). The United States ("Government") opposes the motion. (Dkt. No. 80). The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

For the reasons set forth below, Defendant's motion is **DENIED.**[1]

## II.   BACKGROUND

On January 28, 2010, Defendant pleaded guilty pursuant to a written Plea Agreement to conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (Dkt. No. 14.) As part of the Plea Agreement, Defendant agreed that restitution was mandatory and agreed to pay restitution in the amount of $231,726. (*Id.* at 3.) At sentencing, the Court imposed a sentence that included restitution which, based on the loss calculation, amounted to $244,226. (Dkt. No. 17.) The Judgment further established that restitution was due immediately and that if

---

[1]Although the Government argues that the instant motion is Defendant's second or successive § 2255 petition, the Court construes the instant motion as merely a request for the Court to exercise discretion to modify or terminate restitution because of Defendant's anticipated inability to pay. Accordingly, the Court considers the motion pursuant to 18 U.S.C. §§ 3664 and 3613.

Defendant participated in the Bureau of Prisons Inmate Financial Responsibility Program restitution shall be paid from those funds at a rate equivalent to $25 every three months, to the extent restitution was not satisfied during the term of Defendant's incarceration then Defendant would pay $100 per month after release from confinement. (*Id.* at 6.)[2]

Defendant now moves to terminate his restitution obligation. (Dkt. No. 75). To wit, Defendant seeks this relief because he contends that: (1) if he is required to continue to make restitution payments upon his release, because he has been incarcerated for 15 years, he will lack the financial resources to satisfy the restitution obligation; (2) because he has approximately two years remaining on his custodial sentence, he will have only two years following his release to complete payment of the restitution obligation; (3) given the amount of restitution he owes and the challenges he will face as a returning citizen, he is likely to violate his terms of supervised release for non-payment; and (4) because the twenty-year period for enforcement of restitution runs during his incarceration his restitution obligation will likely expire two years after his release from incarceration. (Dkt. No. 75.) Simply stated, for the reasons set forth below, the Court disagrees with all of Defendant's contentions.

## III.    DISCUSSION

Most importantly, Defendant has not identified any statutory authority permitting the Court to terminate the restitution imposed as part of his sentence. Nor is the Court aware of any. The Third Circuit has recognized that a district court's authority to revisit a restitution order after sentencing is narrowly circumscribed by statute. In *United States v. Norwood*, 49 F.4th 189, 206 (3d Cir. 2022), the Court of Appeals explained that restitution imposed under the Mandatory Victims Restitution Act("MVRA"), 18 U.S.C. § 3663A, is governed by the specific statutory procedures enacted by Congress and remains enforceable in accordance with those provisions.

---

[2] Defendant did not object to the imposition of restitution, nor did he appeal the Judgment.

Likewise, in *United States v. Pawlinski*, 374 F.3d 536, 539–40 (3d Cir. 2004), the Third Circuit recognized that the MVRA strictly limits the circumstances under which restitution orders may be modified after judgment.

Moreover, pursuant to 18 U.S.C. § 3664(o), a restitution order entered as part of a criminal judgment is a final judgment subject only to the limited statutory exceptions enumerated therein. Although Congress has authorized limited modifications in certain enumerated circumstances, those circumstances do not include vacating or terminating an otherwise valid restitution obligation because a defendant believes he will be unable to pay it. *See id.*

To the extent Defendant relies upon his current or anticipated financial circumstances, that argument likewise does not warrant the relief requested. Congress has provided a mechanism for addressing a material change in a defendant's economic circumstances that affects the defendant's ability to pay restitution. Specifically, 18 U.S.C. § 3664(k) authorizes a court to adjust a restitution payment schedule upon notice of a material change in the defendant's economic circumstances. However, that provision permits modification of the payment *schedule*—not elimination of the restitution *obligation* itself. Here, Defendant does not seek such relief.

Defendant's argument appears to rest upon a misunderstanding of the period during which restitution may be collected. Defendant asserts that because he has approximately two years remaining on his custodial sentence, he will have only two years following his release to satisfy the restitution judgment.[3] That assertion is incorrect. Under 18 U.S.C. § 3613(b), a defendant's liability to pay restitution generally terminates on the *later* of twenty years from the entry of judgment or twenty years after the defendant's release from imprisonment, or upon the defendant's death. Accordingly, the twenty-year collection period does not expire merely because twenty years have elapsed since sentencing if the defendant remains incarcerated during a portion of that time.

---

[3] Defendant was released from federal custody on August 28, 2024, and is currently in state custody with an anticipated release date of August 29, 2027. (Dkt. No. 75 at 5.)

Rather, where, as here, a defendant remains imprisoned following entry of judgment, § 3613(b) provides that restitution remains enforceable for twenty years after the defendant's release from imprisonment if that date is later than twenty years after entry of judgment.

Accordingly, Defendant is mistaken in believing that he will have only two years following his release from custody to satisfy his restitution obligation. As indicated above, the governing statute affords a substantially longer period during which restitution may be collected.

Simply stated, Defendant seeks relief based upon a mistaken understanding of the governing statute and speculation that he may be unable to satisfy his restitution obligation in the future. The former is legally incorrect, and the latter is not a basis upon which this Court may terminate restitution. Should Defendant experience a material change in his economic circumstances affecting his ability to make payments after his release from incarceration, Congress has provided a specific statutory mechanism for seeking an adjustment to the payment schedule. *See* 18 U.S.C. § 3664(k). What Congress has not authorized is the wholesale termination of a valid restitution judgment for the reasons advanced by Defendant.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Terminate Restitution (Dkt. No.75) is **DENIED**. An Order accompanies this Opinion.

Dated:  July __, 2026

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

4